Jonah A. Grossbardt (State Bar No. 283584)
**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
10250 Constellation Boulevard
Suite 100
Los Angeles, CA 90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Plaintiff
BRYAN GLYNN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN GLYNN, | Case Number: 3:18-cv-00031 |
| Plaintiff, | |
| vs. | **Copyright Infringement** |
| | **Demand for Jury Trial** |
| THE CIGAR STORE, INC. D/B/A CIGAR STORE ONLINE, | |
| Defendant. | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff BRYAN GLYNN by and through his undersigned counsel, brings this Complaint against Defendant THE CIGAR STORE, INC. D/B/A CIGAR STORE ONLINE for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff BRYAN GLYNN ("Glynn"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Glynn's original copyrighted works of authorship.

2. Glynn is an experienced professional photographer. Glynn is a master of lighting with extensive experience in using both natural light and flashes to get spectacular results in any environment. Glynn also is the founder of CigarObsession (at www.cigarobsession.com) and the producer of one of the most popular cigar video review YouTube channels.

3. Over the years, Glynn has worked in different areas of photography including architecture, weddings, models, landscapes, concerts, sports, and tabletop. Glynn has won many awards, both local and National, and his photographs have been published in magazines and newspapers across the country. Glynn retains all copyrights to his photographs. Glynn licenses his copyrighted works, such as the ones in this case, for commercial use.

4. Defendant THE CIGAR STORE, INC. D/B/A CIGAR STORE ONLINE ("CSI") is an online cigar store with the web address www.cigarstoreonline.com that also sells cigar accessories, apparel, and gifts.

5. Glynn alleges that CSI copied Glynn's copyrighted work from the internet in order to advertise, market and promote its business activities. CSI committed the violations alleged in connection with CSI's business for purposes of advertising and promoting sales to the public in the course and scope of CSI's business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

1  7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. CSI is subject to personal jurisdiction in California.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

### DEFENDANT

10. The Cigar Store, Inc. d/b/a Cigar Store Online is a California corporation with its principal place of business at 2010 Crow Canyon Place, Suite 100, San Ramon, California, 94583, and can be served by serving its Registered Agent, Mr. Robert Capielo, 45633 Jaguar Way, Temecula, California, 92592.

### THE COPYRIGHTED WORK AT ISSUE

11. In 2009, Glynn created a photograph entitled "20090724_dondiago_001", which is shown below and referred to herein as the "Work".



12. At the time he created the Work, Glynn applied copyright management information to the Work consisting of the words "© 2009 Bryan Glynn" in the bottom left corner of the photograph.

13. Glynn registered the Work with the Register of Copyrights on October 22, 2015 and was assigned the registration number Vau 1-224-378. The Certificate of Registration is attached hereto as Exhibit 1.

14. At all relevant times Glynn was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. CSI has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, CSI copied the Work.

17. CSI copied Glynn's copyrighted Work without Glynn's permission.

18. After CSI copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its online cigar store.

19. CSI copied and distributed Glynn's copyrighted Work in connection with CSI's business for purposes of advertising and promoting CSI's business, and in the course and scope of advertising and selling products and services.

20. Glynn's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21. CSI committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

22. Glynn never gave CSI permission or authority to copy, distribute or display the Work at issue in this case.

23. Glynn notified CSI of the allegations set forth herein on May 11, 2017. To date, the parties have failed to resolve this matter. A copy of the Notice to CSI is attached hereto as Exhibit 3.

24. When CSI copied and displayed the Work at issue in this case, CSI removed Glynn's copyright management information from the Work.

25. Glynn never gave CSI permission or authority to remove copyright management information from the Work at issue in this case.

26. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Glynn owns a valid copyright in the Work at issue in this case.

29. Glynn registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. CSI copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Glynn's authorization in violation of 17 U.S.C. § 501.

31. CSI performed the acts alleged in the course and scope of its business activities.

32. Glynn has been damaged.

33. The harm caused to Glynn has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

35. The Work at issue in this case contains copyright management information ("CMI").

36. CSI knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the works at issue in this action in violation of 17 U.S.C. § 1202(b).

37. CSI committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Glynn's rights in the Works at issue in this action protected under the Copyright Act.

38. CSI caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Glynn's rights in the works at issue in this action protected under the Copyright Act.

39. Glynn has been damaged.

40. The harm caused to Glynn has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant The Cigar Store, Inc. d/b/a Cigar Store Online that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

1  b. Defendant be required to pay Plaintiff his actual damages and Defendant's 2 profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as 3 provided in 17 U.S.C. §§ 504, 1203.

4  c. Plaintiff be awarded his attorneys' fees and costs of suit under the 5 applicable statutes sued upon; and

6  d. Plaintiff be awarded such other and further relief as the Court deems just 7 and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 3, 2018

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
Attorneys for Plaintiff Bryan Glynn