# Exhibit 3

# SAVUR THREADGOLD LLP
## ATTORNEYS AT LAW

May 11, 2017

**VIA FedEx and Email**
Mr. William Wright (Sent Via Email To: bobby@cigarstoreonline.com)
The Cigar Store, Inc.
45633 Jaguar Way
Temecula, CA 92592

RE: **Copyright Infringement of Photographic Image**

Mr. Wright:

      This firm represents Bryan Glynn ("Photographer"), who is a professional artist and earns a living by providing photography services to third parties and licensing photographs for various uses. Photographer owns and/or controls the exclusive rights to the photograph (the "Infringed Work") found on Exhibit A, attached hereto. It has recently come to our client's attention that without authorization, The Cigar Store, Inc. (individually and collectively, "you"), has commercially exploited the Infringed Work by featuring the same on your website (individually and collectively, the "Infringing Use"). Attached as Exhibit B, please find a copy of the Infringing Use. Please also be advised that taking down the Infringing Use does not absolve you of liability and our office has electronically saved instances of the Infringing Use for the preservation of evidence in the event of litigation. This demand is privileged from disclosure pursuant to FRE Rule 408. Please provide this letter to your general liability carriers or other providers of insurance that may cover this claim.

      Accordingly, you have made wrongful and unauthorized use of the Infringed Work constituting an infringement of Photographer's copyrights in violation of the United States Copyright Act, 17 U.S.C. § 101, et seq., as well as other common law and statutory rights, by reproducing, displaying, distributing, altering, and otherwise commercially exploiting the Infringed Work via, at minimum, the Infringing Use. This blatant unauthorized use of the Infringed Work constitutes knowing, willful, and flagrant violations of our client's rights in and to the Infringed Work and makes you subject to the many remedies available to our client, including, without limitation, an award of damages, statutory damages (which are up to $150,000 per instance pursuant to 17 U.S.C § 504), punitive damages, payments of attorneys' fees, and the entry of immediate and permanent injunctive relief. Additionally, please be advised that the Infringed Work is registered before the United States Copyright office.

      Furthermore, it also appears that a watermark embedded in the version of the Infringed Work that you used has been deliberately removed. This action constitutes an additional violation of 17 U.S.C. § 1202(b) of the Digital Millennium Copyright Act ("DMCA") which entitles Photographer to additional monetary damages, including, without limitation, up to an additional $25,000 in statutory damages for each violation of section 1202 of the DMCA.

      Demand is accordingly made that you and all of your agents, affiliates, or licensees:

1.     Immediately and permanently cease and desist from the reproduction, display, distribution, and other exploitation of the Infringed Work, both physically and digitally, and any other unauthorized uses of Photographer's owned and/or controlled property;

2.     Immediately provide our office with:

    (a)     all documentation of all licenses, agreements, and other authorizations, if any, by or pursuant to which you claim any rights to reproduce, display, distribute, or otherwise exploit the Infringed Work. To be clear,

our client has no record of you having a license to use the Infringed Work but if you believe you have a license, we will of course review the same;

    (b)    the identity, including the names, addresses, phone numbers, and email addresses, of all parties associated with your use of the Infringed Work, including, without limitation, the individual who initially found the Infringed Work, any third-party designer or advertising agency associated with the Infringing Use, and all other manufacturers, vendors, persons, or entities involved in the reproduction, display, distribution, or exploitation of the Infringed Work;

    (c)    a copy of all accountings, books, records, and statements related to the reproduction, display, distribution, or other exploitation of the Infringed Work, including, without limitation: (i) all sales information for all cigars sold from the date the Infringed Work was first exploited; and (ii) advertising revenue earned through the exploitation of the Infringing Work as part of the above referenced website related to the Infringing Use;

    (d)    a list of all other uses of the Infringed Work not contained on Exhibit B;

    (e)    a list of all other uses of Photographer owned or controlled images exploited by you, or your affiliates, not referenced on Exhibit A or B, and copies of all webpages, videos, advertisements, or other materials related to the same;

    (f)    a representation that all activity, whether commercial or non-commercial, with respect to the Infringed Work ceased immediately upon receipt of this correspondence, if not prior thereto, and will not be resumed in the future absent written authorization from Photographer; and

    (g)    a representation that the information furnished to our office pursuant to the foregoing is true and accurate.

3.    Permanently preserve any and all documents and records relating to this matter, including, without limitation, all physical records or electronic data which may be relevant and/or discoverable in the event of litigation. The failure to preserve such information pertaining to this matter will be considered spoliation of evidence and could subject all applicable parties to additional criminal or civil liability.

4.    Make payment to Photographer in an amount to be determined, pending review of a complete accounting of the books and records regarding the exploitation of the Infringed Work.

You may contact our office by email at JG@savurlaw.com to set up a time to discuss settlement without prejudice or discuss any other inquiry that you may have regarding this matter. Absent your response in fifteen (15) days from the date of this correspondence, Photographer will be forced to consider pursuing any and all remedies which may be available at law and/or in equity including commencing litigation.

This correspondence is a confidential settlement communication and is not intended to be a complete recitation of the facts or circumstances relevant to this matter. Nothing herein will be deemed an admission or waiver of any of Photographer's rights or remedies. All rights and remedies are expressly reserved and none are waived.

Regards,

/s/ Jonah Grossbardt
Savur Threadgold LLP

# EXHIBIT A



# EXHIBIT B

