IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN GLYNN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CIGAR STORE, INC.,<br><br>　　　　　Defendant. | Case No. 18-cv-00031-MMC<br><br>**ORDER AFFORDING PLAINTIFF OPPORTUNITY TO SUPPLEMENT MOTION FOR DEFAULT JUDGMENT; CONTINUING HEARING DATE**<br><br>Re: Dkt. No. 17 |

　　　　Before the Court is plaintiff Bryan Glynn's Motion for Default Judgment, filed May 7, 2018, and served May 24, 2018, on defendant Cigar Store, Inc. d/b/a Cigar Store Online.  To date, defendant has not filed a response.  Having read and considered the motion and declarations filed in support thereof, the Court rules as follows.

　　　　First, although plaintiff has elected to seek an award of statutory damages under the Copyright Act, see 17 U.S.C. § 504(c) (providing "copyright owner may elect, at any time before final judgment is rendered, to recover . . . an award of statutory damages"), plaintiff has failed to show he is entitled to any such damages.  Pursuant to the Copyright Act, "in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication" by the copyright holder, in which case statutory damages may be recovered for any infringement commenced during such three-month period.  See Derek Andrew, Inc. v. Proof Apparel Corp., 528 F.3d 696, 701 (9th Cir. 2008) (citing 17 U.S.C. § 412).  Here, plaintiff has failed to allege, or otherwise provide, facts to show defendant's alleged infringement "commenced" after plaintiff's October 22, 2015, registration of the subject photograph, or within the above-referenced three-month

period.[1]

Second, plaintiff has failed to provide facts sufficient to enable the Court to determine the amount of statutory damages, if any, to which plaintiff is entitled under the Copyright Act. In particular, plaintiff has failed to provide evidence showing the period of time during which the subject photograph was displayed on defendant's website.

Third, plaintiff has failed to show his counsel's requested hourly rate of $395 is reasonable. See Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 763 (9th Cir. 2015) (holding, in calculating amount of attorney's fees to be awarded, district courts are to "multiply[] the number of hours reasonably expended by a reasonable hourly rate"). Plaintiff has not provided any evidence regarding his counsel's "skill, experience, [or] reputation," in particular, the number of years counsel has been practicing law. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir.1986) (holding, "[i]n determining the reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation").

The Court will, however, afford plaintiff leave to file, no later than June 20, 2018, brief declarations setting forth the above-referenced information.

In light of the above, the hearing on plaintiff's motion is hereby CONTINUED from June 15, 2018, to July 6, 2018.

**IT IS SO ORDERED**

Dated: June 6, 2018

MAXINE M. CHESNEY
United States District Judge

---

[1] Although plaintiff may be unable to provide the exact date on which defendant began its use of the subject photograph, plaintiff may be able to show his entitlement to statutory damages by providing the date on which he discovered such use.